**LARRY D. SCHEAFER, ATTORNEY**
1857 Paseo San Luis
Sierra Vista, AZ 85635
(520) 452-9022
ASBN: 015543

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In Re: | ) | **In Proceedings Under Chapter 13** |
| | ) | |
| **CARLOS A. ARELLANO** | ) | **Case No.** |
| | ) | **Chapter 13 Plan and** |
| | ) | **Application for Payment of** |
| | ) | **Administrative Expense** |
| _____Debtor(s)_____ | ) | |

<u>THIS PLAN CAN MODIFY YOUR RIGHTS AS A SECURED
OR UNSECURED CREDITOR, PLEASE READ CAREFULLY.</u>

I.    **Property and Income Submitted to the Plan.** Debtor shall submit the following amount of property and future income to the Trustee for distribution under the plan.

**Future Earnings or Income.**

Debtor shall pay $  2,330.00 per month, for 60 months, commencing November, 2008, continuing to and including  October, 2013 to the Trustee.

> **Debtor is to make the Plan payments in the form of a cashier's check, or money order payable to Dianne Kerns, Chapter 13 Trustee, PO Box 366, Memphis, TN  38101.**

II.    **Duration.** This Plan shall continue for 60 months from the first payment.  If at any time before the end of this period all claims are paid, the Plan shall terminate.

III.    **Classification and Treatment of Claims.** The provisions of this Plan are intended to bind all creditors under 11 U.S.C. Section 1327.  Failure to file an objection can affect the creditor's rights as a secured or unsecured creditor.  The confirmation process will be the final word in any conflicts between allowed claims and amounts provided for this Plan.
    The claims shall be classified and paid in the order listed below:

IIIA.    **Administrative Expenses.**

1.  **Trustee's Fees:** The Trustee's fees will be determined by the prevailing percentage rate as set by 28 U.S.C. 586(e) (1) (B) and (e) (2), at the time of confirmation, but shall not exceed a maximum of 10% of each payment made by the Debtor.

2.  **Attorney's Fees and Application for Administrative Expense:** A total of $1,674.00 shall be paid prior to commencement of payments on any claims listed hereafter. Prior to filing, Larry D. Scheafer has been paid $1,300.00 which includes the filing fee. In support of his Application for Payment of Administrative Services, counsel has performed, and/or may perform, the following services, all of which are necessary to obtain Court approval of Debtor's Chapter 13 Plan and to help Debtor to complete their Plan. The administrative fee is a flat fee subject to contingencies as described below in Section 8:

1.  Counsel has analyzed Debtor's financial situation and provided advice and assistance in determining whether to file a bankruptcy petition under Title 11, of the United States Code and which Chapter of the Bankruptcy Code would be most appropriate for Debtor.

2.  Counsel has assisted in reviewing financial information provided by Debtor and prepared and filed the Chapter 13 Petition, all necessary Schedules, Statement of Financial Affairs and other documents required by the Court. Counsel has formulated and prepared a Chapter 13 Plan.

3.  Counsel has, or will, respond to creditor inquiries regarding the status of the case, provide information regarding Debtor, the case, the Plan, provide account numbers where appropriate, provide information regarding the filing of proofs of claim, assist in stopping post-petition collection activities, and, where appropriate, provide direct notice to creditors to quash garnishments, release levies, continue pending court or foreclosure actions and prevent repossession of property.

4.  Counsel will assist in the resolution of taxation issues which may arise during the case as well as resolution of pre-petition tax matters. This may include, but is not limited to, providing information to the respective tax authorities and assisting in the establishing claims, obtaining the release of post-petition tax refunds and staying post-petition tax collection actions.

5.  Counsel will attend and represent Debtor at the Section 341(a) meeting of creditors; prepare a Chapter 13 Plan which will be set for hearing and noticed to the Trustee and parties in interest. Counsel will attend and represent Debtor at the Confirmation Hearing, resolve objection to the Plan, and present an Order of Confirmation to the Judge for signature, formally approving the Chapter 13 Plan.

6.  Counsel will represent Debtor before the Court in all matters pertaining to the Chapter 13 proceeding and shall remain counsel of record through discharge or

dismissal of the case. To this end, Counsel shall be available for consultation with Debtor throughout the tendency of the case, at no additional charge.

7.     All costs and expenses incident to representation are included in the flat fee described above.

8.     The amount agreed to be paid as compensation only for those services described above, and does not, and is not intended to obligate or compensate Larry D. Scheafer for any other legal services which may become necessary during the course of the Chapter 13 case. Examples of such other services are as follows: Response to Motion to Lift Stay, Motion to Reinstate Chapter 13, Amend or Modify Chapter 13 Plan, Motion and Hearing to Authorize Sale, Motion to Incur Indebtedness, Motion to Waive Interim Payments, Preparation of Interrogatories and Discovery, Complaint for Turnover of Property, Motion to Abandon, Motion for Moratorium, or other extraordinary motions or adversary proceedings.

Should additional fees be charged to Debtor, application shall be made to the Bankruptcy Court pursuant to 11 U.S.C. 329 and Bankruptcy Rules 2002, 2016.

Larry D. Scheafer shall be compensated on an hourly basis or on a flat fee to be determined prior to the performance of such additional services. For the above work, time will be charged at our standard hourly rates as they are adjusted from time to time with the firm's clients.

Any advance fee for additional services shall be deposited immediately with Larry D. Scheafer in the firm's trust account, against which the attorneys will bill for time, costs advanced and expenses, and accounting for same on the monthly basis. Upon completion of the legal services, any remaining balance in the trust account shall be refunded to the client or any deficit shall be paid by the client.

## IIB.  Claims Secured by Real Property

1. Wells Fargo Home Mortgage, which holds a first mortgage, and Beneficial, which holds a second mortgage, shall retain their security interest in real property located at 10598 E. Highway 92, Palominas, Arizona (the "Property") and the Trustee shall have no interest in or claim to the property securing the claim. Regular payments, monthly or otherwise, becoming due after the filing of the petition shall be made under the Plan. No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of arreages cured under this Plan. The estimated arreages listed below shall be adjusted to reflect the actual arreage at the time of confirmation, as reflected in the creditor's allowed proof of claim. The arreage as adjusted (including late charges) shall be paid pro rata with payment on secured tax claims listed hereafter, and prior to commencement of payment on claims listed thereafter. Said arreage, as listed, and as applicable, shall be paid within the length of this Plan, or 60 months.

The Debtor's homestead exemption in the real property, and in any identifiable cash proceeds from the sale of the real property is allowed. In the event of sale of the Debtor's homesteaded property, following court authorization for such sale, all identifiable cash

proceeds from the sale shall become the sole property of the Debtor to the extent of the protected, exempt equity in such pursuant to A.R.S. Title 33 Section 1101.

Debtor estimates the value of the residence to be $ 190,000.00. The arrearages on the home are estimated as follows:

| Creditor/Security | Interest Rate | Arrearages |
|---|---|---|
| Beneficial | | $5,000.00 (est) |

### IIIC. Claims Secured by Personal Property

Dell Financial shall retain its lien interest in the Debtor's computer system. **They shall be paid the lesser of the debt balance or the value of the property, as indicated below, securing their claim, plus interest at the rate specified below on the secured claim.** (The balance shown below, and in Debtor's schedules, is Debtor's best faith estimate of the total balance of the respective claims on the date of filing the petition. A timely filed, allowed proof of claim, reflecting a different total balance will supersede the estimated balance provided by Debtor. **While the total balance will supersede the Debtor's estimate of the claim, the confirmation process will determine the amounts to be paid as secured and unsecured components of the allowed claim.**) Upon payment of this amount the security interest shall be released. Any unpaid balance shall be classified and paid as secured shall be paid in full, in the amounts provided for below, prior to commencement of payment on any claims thereafter.

Any creditor who disagrees with the treatment of its claim as proposed by this Plan must file an objection to the Plan and serve a copy of the objection in accordance with paragraph IV below. The confirmation process will be the final word in any conflicts between allowed filed claims amounts provided for each claim as shown below. A creditor that does not object to the proposed treatment to its claim will be deemed to have accepted the treatment provided for in the Plan and will be bound by the terms of the Plan as written.

Any claims not specifically named in this Plan are presumed to be unsecured claims. Creditors, including, but not limited to Sears, Roebuck & Co., Montgomery Ward, Radio Shack, and/or JCPenney Co., claiming secured status, shall serve a copy of said claim, proof of security, payment history and an objection to the Plan upon Debtor's counsel within the time limit delineated in paragraph IV below.
If no objections, and proofs of claim are filed, and served upon Debtor's counsel within the time limit delineated in paragraph IV below, claims not specifically named below, will be treated as other unsecured claims. Value of vehicles is based upon Kelley Blue Book valuations.

| Creditor/Security | Balance/Value of Security | Interest Rate | Paid as: Secured/ Unsecured |
|---|---|---|---|
| Dell | $3806/$1200 | 9% | $1200 Secured/ $2606 Unsecured |

**Adequate Assurance. Dell Financial** secured by a computer system shall be paid adequate assurance payments of $12.00 per month until the Plan is confirmed.

IIID.  **Tax Claims**

<u>**ANY TAXING AGENCY THAT DISAGREES WITH ITS TREATMENT AS DESIGNATED BELOW MUST FILE AN OBJECTION WITH THE COURT. THE LACK OF A TIMELY OBJECTION BY THE TAXING AGENCY, WILL CONSTITUTE THE TAXING AGENCY'S FULL APPROVAL OF ITS TREATMENT UNDER THIS PLAN.**</u>

1.      **Secured Claims.** (Notice of tax lien filed before petition date.) Tax liens attach to equity interest of Debtor's real and personal property, regardless of exemptions allowed under the Bankruptcy Code. All allowed secured tax claims shall be paid on a pro rata basis with the secured claims referred to above. Any personal or real property taxes payable to Cochise County which taxes become due and payable after the petition date shall be paid directly to Cochise County by the Debtor when such payment is due.
Secured Tax claims upon which interest pursuant to IRC Sections 6621 and 6622 or applicable statutory rate are to pay:

| **Year** | **Type** | **Amount** |
|---|---|---|
| None | | |

All tax liens placed by the respective tax agencies to be released and extinguished upon payment, or upon entry of discharge pursuant to 11 U.S.C. Section 1328(a).

2.      **Unsecured Priority Claims.** The following unsecured priority tax claims shall be paid at 100% of the allowed proof of claim, without post-petition interest. Payment on the priority tax claims shall begin after payment of administrative expenses and any secured claims. All taxes not paid by the Plan, or a claim that is not allowed

because it was not timely filed, shall be discharged by these proceedings, even though no payments are received by the creditor.

| Year | Type | Amount |
|------|------|--------|
| 2004 | Federal Income | $16,000 |
| 2005 | Federal Income | $ 1,200 |
| None. | | |

3.    **Unsecured General Claims.** The following tax claims and penalties are unsecured general claims and will be discharged by this proceeding.

| Year | Type | Amount |
|------|------|--------|
| None. | | |

4.    Debtor(s) will initial the following correct answer regarding filed/unfiled income tax returns.

 Yes, to the best of my knowledge and belief I have filed all required income tax returns, both state and federal.

_____  _____ No, I have not filed all required income tax returns, (federal and/or state). I am aware that the returns must be filed immediately, or I risk the dismissal of my Chapter 13 proceeding.

IIIE.    **Codebtor Claims.** Codebtor claims to the following to be paid in full by this Plan, prior to general unsecured claims pursuant to 11 U.S.C. Section 362(a) and Section 1301.

None.

IIIF.    **Unsecured Claims.** All other claims, including the unsecured portions of secured claims that are bifurcated in paragraph IIIC above, shall be classified as unsecured with any claims of security interests in property being avoided. Allowed unsecured claims shall be paid the balance of payments under the Plan, prorate, in full satisfaction of the claims, except for any disputed or rejected claims. The balance being paid to unsecured may be adjusted, and/or decreased, should the secured claims require higher payment pursuant to 11 U.S.C. 1325(a) (5) (B) or priority liabilities are higher than originally estimated. Any amount unpaid shall be discharged. The Plan meets with requirements of

the Code, and achieves Chapter 7 reconciliation, as the unsecured creditors will receive more under this Chapter 13 Plan than they would receive in Chapter 7 liquidation. Chapter 7 liquidation value would be $0.00.

### IIIG.   **Educational Loans.**

None to be discharged by these proceedings.

IV.   **Objections.**  Objections, by all creditors to the Plan, must be filed and received by the parties delineated in the Notice of Date to File Objections to Chapter 13 Plan and Application for Payment of Administrative Expense and within the time limits established by the Notice.

V.   **Lien Avoidance.**  Debtor hereby elects to avoid the fixing of liens pursuant to Section 522(f) of the Bankruptcy Code.  All secured creditors, except those whose liens are avoidable pursuant to the provisions of Section 522(f) shall retain their liens until paid as provided for by this Plan.

None.

VI.   **Rejection of Claims - Secured Creditor.**  Debtor elects not to assume the lease or contract with creditors named in this paragraph and shall surrender to such creditor the collateral subject to the lien or lease in full satisfaction of any and all secured claims creditor may have against Debtor arising from the transaction creating creditors' interest in the property.

None.

VII.   **Effective Date and Vesting.**  The effective date of the Plan shall be the date of the Order Confirming the Plan.  Property of the estate shall vest in the Debtor upon confirmation, including all future tax refunds.  Prior to confirmation the automatic stay pursuant to 11 U.S.C. Section 362 will remain in full force and effect .Following confirmation the application of the stay shall be governed by 11 U.S.C.Section 362(c).  No provision of the Plan or Order Confirming Plan is intended to extend the stay to prohibit any taxing agency from exercising its rights under 11 U.S.C. 362(b)(9).

VIII.   **Post Petition Claims.**  Claims allowed for post petition debts incurred by Debtor may be paid in full and in such order and on such terms as the Trustee, in his/her sole discretion, may determine.  The trustee may file to dismiss this case, if Debtor incur post petition debts without the written consent of the Trustee and Debtor fail to keep such obligations current in payment.

IX.  **Discharge.**  Upon completion of this Plan, all debts listed in the Debtor's schedules or provided for by this Plan, except those excepted by 11 U.S.C. 1328(a) shall be discharged.

X.  **General Provisions.**  Pursuant to Section 1322(b)(3) of the Bankruptcy Code, Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtor's payments to the Trustee under this Plan.

Plan dated this $28$ day of _October_, 2008.

_____
Debtor

_____
Larry D. Scheafer
Attorney for Debtor(s)

## PLAN ANALYSIS

Debtor(s) CARLOS A. ARELLANO            Case No. -
Prior: Bankruptcy (N/A)        Chapter 13        Date:
Estimated length of Plan:   months

Trustee Use:
Section 341(a) Meeting Date: _____
Continued: _____
Confirmed Date: _____

*************************************************************************

Total Amount Paid Into Plan            $139,800.00

Total Debt Provided for Under the Plan and Administrative Expenses.

| | | | |
|---|---|---|---|
| A. | Total Priority Claims: | | |
| | 1. | Unpaid Attorney Fees | $ 1.674.00 |
| | 2. | Taxes | $ 17,200.00 |
| | 3. | Other | $0.00 |
| B. | Total of Trustee's Compensation (10% of Debtor(s)' payments) | | $ 13,980.00 |
| C. | Total of Payments to Cure Defaults | | $ 5,000.00 |
| D. | Total of Payments on Secured Debts | | $ 100,860.00 |
| E. | Estimated Court Costs | | $0.00 |
| F. | Total of Payments on General Unsecured Claims (said amount may increase or decrease) | | $ 1,086.00 |
| G. | Total Debt and Administrative | | $ 139,800.00 |

*************************************************************************

### Chapter 7 Reconciliation

I.   Interest of General Unsecured Creditors if Chapter 7 Filed.

| | | |
|---|---|---|
| 1. | Value of Debtor(s)' interest in non exempt property | $0.00 |
| 2. | Plus: value of property recoverable under avoiding powers | $0.00 |
| 3. | Less: estimated Chapter 7 administrative expenses | $0.00 |
| 4. | Less amounts payable to priority creditors other than costs of administration | $0.00 |
| 5. | Equals: estimated amount payable to general unsecured creditors if Chapter 7 filed | $0.00 |
| J. | Estimated Dividend for General Unsecured Creditors Under Chapter 7 | $0.00 |
| K. | Estimated Dividend Under Plan | $ 1,086.00.00 |

**If there are discrepancies between the Plan and the Plan Analysis, the provisions of the Plan as confirmed control.